Filed 5/30/24  P. v. Morales CA5
Reposted with correct filing date

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIK VILLANUEVA MORALES,<br><br>    Defendant and Appellant. | F086756<br><br>(Super. Ct. Nos. 22CR-03932, 22CR-05345)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Smith, J. and Meehan, J.

Counsel for defendant Erik Villanueva Morales submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking this court to conduct an independent review of the record on appeal. We then offered defendant the opportunity to present his own brief by raising issues in a letter. Defendant has not responded.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL AND FACTUAL SUMMARY

On July 21, 2022, a felony complaint (case No. 22CR-03932) was filed charging defendant with committing domestic violence (Pen. Code,[1] § 273.5, subd. (a), a felony; count 1), assault by means of using force likely to produce great bodily injury (§ 245, subd. (a)(4), a felony; count 2), interference with a wireless communication device (§ 591.5, a misdemeanor; count 3), and vandalism (§ 594, subd. (a), a misdemeanor; count 4). Counts 1 and 2 also included allegations that could lead to an aggravation of defendant's sentence if he were to be convicted of those crimes. The allegations of this complaint addressed events that occurred on June 25, 2022. On August 26, 2022, defendant pled not guilty to each count alleged in the complaint.

On October 19, 2022, a new felony complaint (case No. 22CR-05345) was filed charging defendant with additional crimes allegedly committed on various dates in September 2022. Specifically, defendant was charged with committing two counts of domestic violence (§ 273.5, subd. (a), a felony; counts 1 and 2), assault with a deadly weapon (§ 245, subd. (a)(1), a felony; count 3), making criminal threats (§ 422, subd. (a), a felony; count 4), recklessly evading a pursuing peace officer (Veh. Code, § 2800.2, a

---

[1] All further statutory references are to the Penal Code, unless otherwise specified.

2.

felony; count 5), knowingly violating a protective order (§ 273.6, subd. (a), a misdemeanor; count 6), and committing disorderly conduct by distributing a private intimate image (§ 647, subd. (j)(4), a misdemeanor; count 7). An enhancing allegation addressing domestic violence was connected to count 1, while another enhancement was pled for counts 1 through 5 alleging the crimes "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness …." On the same date this new complaint was filed, defendant pled not guilty to each count alleged.

On December 5, 2022, the date set for a preliminary hearing in both cases, defendant submitted two change of plea forms. For case No. 22CR-05345, defendant agreed to plead no contest to count 1 alleging domestic violence and admitted the great bodily injury (GBI) allegation (§ 12022.7, subd. (e)). These admissions resulted in a sentence of the upper term of four years for count 1, and a consecutive middle term of four years for the GBI allegation. For case No. 22CR-03932, defendant pled no contest to count 1 in that complaint, resulting in an additional consecutive sentence of one year. !(CT 33–34)! Both during the hearing and on each change of plea forms, defendant acknowledged that he had been given an opportunity to fully discuss the charges brought against him and the ramifications of the allegations and potential enhancements. After the trial court confirmed defendant understood all the rights he was waiving, the remaining counts in both complaints were dismissed with a *Harvey*[2] waiver.

On the date originally set for sentencing, the trial court granted a continuance after defendant indicated he would like to pursue a motion to withdraw his plea. On April 25, 2023, defendant formally filed his motion to withdraw the pleas he entered in both cases. In a declaration that was part of that motion, defendant stated that while he understood his sentence would be nine years after entering his pleas in both cases, he was never

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

informed that the maximum sentence he could have received was 14 years four months if he had gone to trial. Defendant states he would have chosen to face trial if he had been given this information.

At the hearing held on June 26, 2023, the trial court considered the defendant's motion to withdraw his plea. When denying the motion, the court stated:

> "Okay. Well, upon reviewing the transcript and then the plea forms, I would note the [d]efendant was asked did he understand everything, did he have enough time to talk to his attorney. That was gone over by the [c]ourt. [¶] … [¶]
>
> "I think there was an adequate advisement of what he was facing, and that he did make the decision after speaking with [c]ounsel to take this plea bargain to avoid the risk if he did go to trial or the additional charges being filed by the District Attorney's Office."

Defendant was then sentenced to the nine-year term that was specified in the plea agreement he accepted on December 5, 2022. In addition to this sentence, a 10-year no contact criminal protective order was also issued to protect the confidential victim.

Defendant filed a notice of appeal on August 23, 2023. The trial court granted defendant's request for a certificate of probable cause to challenge the denial of his motion to withdraw his plea on August 24, 2023.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

We address one matter. Both when asking to withdraw his plea and when filing his notice of appeal, defendant claimed his attorney never fully explained the potential sentence he could have received if he had gone to trial. Our review of a trial court's decision not to grant a defendant's request to withdraw a plea is governed by an abuse of discretion standard. "A decision to deny a motion to withdraw a guilty plea ' "rests in the sound discretion of the trial court" ' and is final unless the defendant can show a clear abuse of that discretion." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) We have

reviewed the transcripts of the hearings when defendant entered his pleas and the hearing when he sought to withdraw those pleas. We have also reviewed the felony advisement forms defendant signed and initialed when entering the pleas for both cases, as well as the papers submitted on the motion to withdraw the pleas and those submitted in opposition. Based on the totality of the circumstances, we cannot conclude the court abused its discretion when it denied defendant's motion to withdraw his pleas.

Addressing a potential ineffective assistance of counsel claim, we note, "[o]n direct appeal, a conviction will be reversed for ineffective assistance [of counsel] only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Our review of the record submitted in this appeal fails to disclose evidence supporting any of the standards set out in *Mai*.

## **DISPOSITION**

The judgment is affirmed.